Colin H. Murray (State Bar No. 159142)
colin.murray@bakermckenzie.com
Anne M. Kelts (State Bar No. 298710)
anne.kelts@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

John E. Joiner (admitted *Pro Hac Vice*)
jjoiner@wc.com
William P. Ashworth (admitted *Pro Hac Vice*)
washworth@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: +1 202 434 5000
Facsimile:   +1 202 434 5029

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and
NEXTEL OF CALIFORNIA, INC.
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CITY OF LOS ANGELES, *ex rel.* RICHARD KNUDSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT SOLUTIONS, INC.; NEXTEL OF CALIFORNIA, INC., D/B/A NEXTEL COMMUNICATIONS AND SPRINT NEXTEL; and DOES 1-10,<br><br>Defendants. | Case No. 2:17-cv-00811-TLN-AC<br><br>**Date Action Was Transferred from Central District of California:**<br>**April 18, 2017**<br><br>**STIPULATED SETTLEMENT APPROVAL AND DISMISSAL ORDER**<br><br>Judge:     Hon. Troy L. Nunley<br>Trial Date: None set |

## STIPULATED SETTLEMENT APPROVAL AND DISMISSAL ORDER

The City of Los Angeles, Relator Richard Knudsen, Defendants Sprint Solutions, Inc. and Nextel West Corp. (as successor to Defendant Nextel of California, Inc., d/b/a Nextel Communications and Sprint Nextel) (collectively "Sprint"), and Relator's current and former counsel ("Relator's counsel"), Waldan Macht & Haran, LLP ("WMH"), the Dolan Law Firm ("Dolan"), and the Law Office of Matthew J. Durkett, APC ("Durkett")[1] hereby stipulate and agree as follows:

**WHEREAS**, in 2005, California issued eRFP 5014 seeking submissions from wireless carriers, including Sprint, for contracts to provide wireless services to the state and political subdivisions, including the City. Sprint responded to eRFP in July 2005 and Sprint and California's Department of General Services entered a contract for provision of wireless services (the "CWC Contract");

**WHEREAS**, in 2006, the Western States Contracting Alliance ("WSCA"), acting by and through the State of Nevada, awarded Sprint Contract #1523 and Contract #1907 (collectively, the "WSCA Contracts") for the purchase of wireless equipment and services;

**WHEREAS**, the State of California and Sprint executed a Participating Addendum to the WSCA Contracts, Master Price Contract #7-10-70-15 (the "California Participating Addendum"), which incorporated the terms of the WSCA Contracts and (at times) California DGS RFO 1070;

**WHEREAS**, on October 27, 2006 (No. 58644), July 1, 2011 (No. 59288), and February 1, 2013 (No. 59510) the City of Los Angeles entered into contracts with Sprint for the purchase of wireless equipment and services (the "City Contracts"). Collectively, the WSCA Contracts, the California Participating Addendum, and the City Contracts, are referred to as the "Wireless Contracts";

**WHEREAS**, on or about September 27, 2013, Relator filed a *qui tam* action under the California False Claims Act in the Superior Court of California for Los Angeles County, Case No. BC521193, naming Sprint as a defendant (the "Action");

---

[1] Nextel of California merged into Nextel West Corp. in May 2018, with Nextel West Corp. as the surviving entity. Nextel West Corp. and Sprint Solutions, Inc. are indirect subsidiaries of T-Mobile USA, Inc.

1

**WHEREAS**, on or about September 9, 2016, the City intervened in the Action and filed a Complaint-in-Intervention (the "Complaint"), alleging causes of action for violation of the California False Claims Act, Breach of Contract, violation of the Unfair Competition Law, and Unjust Enrichment;

**WHEREAS**, the Action was removed to federal court and subsequently transferred to this Court, and is currently pending as Case No. 2:17-cv-00811-TLN-AC;

**WHEREAS**, the Action alleges Sprint failed to comply with the Wireless Contracts with respect to provisions that the City alleges required Sprint to provide the City with rate plan optimization reports and with wireless services at the lowest cost available when the City purchased wireless services from Sprint pursuant to the Wireless Contracts (the "Covered Conduct");

**WHEREAS**, on October 29, 2019, the Court granted Sprint's motion to dismiss the City's unjust enrichment claim under Rule 12(b)(6) and denied the remainder of Sprint's motion to dismiss under Rules 9 and 12;

**WHEREAS**, Relator's counsel have asserted claims for statutory attorney's fees under the California False Claims Act against Sprint;

**WHEREAS**, Sprint denies any and all liability, contends that all claims against it have no merit and are subject to numerous legal and factual defenses, and denies all allegations made in the Complaint and the Action against it;

**WHEREAS**, the Parties, after several months of settlement discussions, including a full day mediation before the Hon. Ronald Sabraw (Ret.), have agreed to resolve any and all claims the City, Relator, and Relator's counsel may have against Sprint related to the Covered Conduct, so as to avoid the need for further protracted and costly litigation;

**WHEREAS**, to avoid the delay, inconvenience and expense of protracted litigation of the claims in the Action, and in consideration of the mutual promises and obligations of the City, Relator, Relator's counsel, and Sprint contained in the Settlement Agreements, the Parties have agreed to settle this litigation on the terms set forth in the Settlement Agreements attached as Exhibit 1 and 2 (the "Settlement Agreements").

**NOW THEREFORE**, the parties stipulate and agree as follows:

1. The terms of the Settlement Agreements are appropriate under the allegations of this action, taking into account the best interests of the parties involved and the public purposes behind the False Claims Laws. Further, the terms of the Settlement Agreements are fair, adequate, and reasonable, and were reached in good faith;

2. The City, Sprint, Relator, and Relator's counsel are bound by the terms of the Settlement Agreements, including specifically the releases contained herein;

3. This Action is hereby **DISMISSED WITH PREJUDICE**.

4. The Court shall retain jurisdiction to resolve any dispute arising between and among the parties under the Settlement Agreements, including but not limited to any disputes between the City and Relator related to the Relator's Share of the Settlement (an issue not resolved by the Settlement Agreements).

Dated: 4/22/22

**COTCHETT, PITRE & McCARTHY, LLP**

By: _____
    NIALL P. McCARTHY

*Attorneys for Plaintiff City of Los Angeles*

Dated: 4/25/22

**WILLIAMS & CONNOLLY**

By: _____
    WILLIAM P. ASHWORTH

*Attorneys for Defendant Sprint*

Dated: 4/23/2022

**WALDEN MACHT & HARAN LLP**

By: _____
    DAN MILLER

*Attorneys for Relator Richard Knudsen*

3

CASE NO. 2:17-cv-0811-TLN-AC
STIPULATED SETTLEMENT APPROVAL AND DISMISSAL ORDER

**CITY OF LOS ANGELES, *ex rel.* RICHARD KNUDSEN v. SPRINT SOLUTIONS, INC.,**
**U.S. District Court For The Eastern District Of California - Case No. 2:17-CV-0811-TLN-AC**

### ORDER

**IT IS SO ORDERED.**

Date: April 27, 2022

_____
Troy L. Nunley
United States District Judge